Ruffin, C. J.
 

 The Court is of opinion, that the evidence was improperly excluded. The returns ofihe guardian stand on the same footing with an inventory by an administrator, which has been repeatedly held to be admissible to charge the administrators’ sureties, at the instance of creditors or next of kin.
 
 Armistead
 
 v.
 
 Harramond,
 
 4 Hawks 339. They are acts required by the law from those persons in the discharge of their official duties, as a mode of charging them upon their own oaths, contemporaneously with their getting the effects in hand or nearly so. They establish the indebtedness of the administrator or guardian, at least
 
 prima facie,
 
 and are much like the re« turn of satisfaction by a sheriff, whereby his sureties are bound.
 
 Governor
 
 v.
 
 Twitty, 2
 
 Hawks 5. and 1 Dev. 153. These returns constitute natural evidence, arising out of the ordinary course of business, to charge the guardian, and. therefore, they tend to shew the extent of the relators’ loss by the subsequent insolvency of the guardian, and by consequence,ofthe damages whichbypossibilifyarosefrom the
 
 laches
 
 of the defendant. It is not like an indebtedness established by judicial sentence, which is
 
 in invitum.
 
 But this is the party’s own act againt his interest, done not only in the ordinary course of business, but in the most solemn manner, in the prescribed course of official duty.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.